UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| SANTOS BENAVIDES, *et al*, | § | |
| | § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3-12-46 |
| | § | |
| EMC MORTGAGE CORPORATION, | § | |
| *et al*, | § | |
| | § | |
| Defendants. | § | |

## MEMORANDUM AND ORDER

The foreclosure crisis that has plagued the nation for more than five years has generated a large number of filings in the federal courts.  The usual procedural path of these cases is that the plaintiff files an action in state court challenging a threatened or actual foreclosure, and the out-of-state lender then removes the case to federal court.  Diversity of citizenship is obvious in these homeowner-versus-lender cases so long as the lender does not share residence with the homeowner.

But increasingly over the last year or so, foreclosure-related lawsuits filed in state courts located in this district have also named an in-state defendant, often a local law firm involved in carrying out the foreclosure. This has not dissuaded many defendants from continuing to remove the cases using the argument that the in-state defendant was improperly joined. Plaintiffs then typically file motions to remand defending the legitimacy of

the claims alleged against the in-state defendant.  The results of these jurisdictional battles have been mixed, turning in large part on the precise nature of the claim asserted against the in-state defendant.  *Compare West v. Citimortgage, Inc.*, No. H-12-1409, 2012 WL 3129127, at *3 (S.D. Tex. July 31, 2012) (granting motion to remand), *and Boyle v. Wells Fargo Bank, N.A.*, No. 4:11-cv-4006, 2012 WL 289881, at *5 (S.D. Tex. Jan. 31, 2012) (same), *with Brooks v. Ocwen Loan Servicing, LLC*, No. H-12-1410, 2012 WL 3069937, at *4 (S.D. Tex. July 27, 2012) (denying motion to remand in a case removed on improper joinder grounds), Order Adopting Report and Recommendations, *Esperanzate v. Mortg. Elec. Registration Sys., Inc.*, No. 3:12-cv-00043, Docket Entry No. 25 (S.D. Tex. Aug. 7, 2012) (same), *and* Order on Motion to Remand, *Welch v. Wells Fargo Bank, N.A.*, No. 4:12-cv-01468, Docket Entry No. 27 (S.D. Tex. July 22, 2012) (same, by summary disposition).

The procedural history of the lawsuit Plaintiffs Santos and Carmen Benavides filed in state court largely followed this emerging pattern.  In addition to suing their home mortgage servicer, Defendant EMC Mortgage Corporation, and the holder of the mortgage loan, Defendant U.S. Bank National Association ("USBNA"), Plaintiffs also brought claims against EMC's foreclosure counsel, the Texas-based law firm of Brice, Vander

Linden & Wernick, P.C. ("BVL").  Defendants removed the case, in part on the ground that BVL was improperly joined.  BVL also filed a motion to dismiss.  But although Plaintiffs objected to federal jurisdiction in the Joint Discovery/Case Management Plan, they never filed a motion to remand.

This Court nonetheless has an obligation to raise an issue of subject matter jurisdiction *sua sponte* and ordered the parties to submit briefing on the issue.  After considering that briefing, the arguments of counsel, the allegations in Plaintiffs' state court petition, and the applicable law, the Court concludes that BVL was improperly joined, that diversity jurisdiction exists in this case, and that Plaintiffs have not stated a possible claim against BVL.  BVL's motion to dismiss is therefore **GRANTED** and Plaintiffs' claims against it are **DISMISSED WITH PREJUDICE**.

## I.    BACKGROUND

In August 2005, Plaintiffs purchased a home in La Marque, Texas, and financed the purchase by taking out a home mortgage loan from JLM Direct Funding, Ltd.  The loan was eventually sold to USBNA and serviced by EMC.  According to Plaintiffs, all went well until Mr. Benavides was injured at his workplace, at which point the couple became unable to make their mortgage payments.  Plaintiffs allegedly contacted EMC to discuss a loan modification and other alternatives to foreclosure but were rebuffed.

3

On February 7, 2012, the date of the scheduled foreclosure sale, Plaintiffs brought suit in state court in Galveston County and won a temporary restraining order forbidding Defendants from proceeding with the foreclosure.  EMC and USBNA removed the case to this Court on February 16, 2012, and BVL consented to removal shortly thereafter.  In their notice of removal, EMC and USBNA argued that jurisdiction was proper on both federal question and diversity grounds.  Plaintiffs did not move to remand but did note their objection to federal jurisdiction in the Joint Discovery/Case Management plan.  *See* Docket Entry No. 6 ¶ 5. Subsequently, BVL filed a motion to dismiss on May 17, 2012, one day before the case was reassigned to this Court.[1]

## II.  JURISDICTION

### A. *The Test for Improper Joinder*

Defendants' notice of removal asserts two grounds for federal jurisdiction: first, that a federal question exists because Plaintiffs based their state law claims on alleged violations of the requirements of several federal housing law guidelines;[2] and, second, that there is complete diversity of

---

[1] In addition, EMC and USBNA have filed a motion for summary judgment on all of Plaintiffs' claims.  The Court will address that motion in a future order.

[2] Another court in this District recently held that a plaintiff's invocation of the federal HAMP, HAFA, and MHA programs' rules and guidelines as the basis for his state law claims does not give rise to federal question jurisdiction.  *See Goffney v. Bank of Am., N.A.*, No. H-12-1868, 2012 WL 4127952, at *4–5 (S.D. Tex. Sept. 17, 2012).

parties because in-state Defendant BVL had been improperly joined.  Of course, Defendants need establish only one of these jurisdictional bases for the case to proceed in federal court.  For the reasons discussed below, the Court finds that diversity of citizenship exists because BVL was improperly joined.

Under the doctrine of improper joinder, removal is proper if the removing defendant can show that the nondiverse defendant was fraudulently or improperly joined to destroy complete diversity.  *See Salazar v. Allstate Tex. Lloyd's, Inc.*, 455 F.3d 571, 574 (5th Cir. 2006).  This doctrine is a narrow exception to the complete diversity rule.  *McDonal v. Abbott Labs.*, 408 F.3d 177, 183 (5th Cir. 2005).  "The Party seeking removal bears a heavy burden of proving that the joinder of the in-state party was improper."  *Smallwood v. Ill. Cent. R.R. Co.*, 385 F.3d 568, 574 (5th Cir. 2004) (en banc) (citation omitted).

To establish improper joinder, the party seeking removal must show either: "(1) actual fraud in the pleading of jurisdictional facts, or (2) inability of the plaintiff to establish a cause of action against the non-diverse party in state court."  *Gasch v. Hartford Accident & Indem. Co.*, 491 F.3d 278, 281 (5th Cir. 2007) (quoting *Crockett v. R.J. Reynolds Tobacco Co.*, 436 F.3d 529, 532 (5th Cir. 2006)).  Only the second test is at issue here.  Under that

test, the removing party must show that "that there is no possibility of recovery by the plaintiff against an in-state defendant, which stated differently means that there is no reasonable basis for the district court to predict that the plaintiff might be able to recover against an in-state defendant." *Smallwood*, 385 F.3d at 573. The Court should assess whether a plaintiff has a reasonable basis for recovery by conducting "a Rule 12(b)(6)-type analysis, looking initially at the allegations of the complaint to determine whether the complaint states a claim under state law against the in-state defendant." *Id.* "A motion to remand is normally analyzed with reference to the well-pleaded allegations of the complaint, which is read leniently in favor of remand under a standard similar to Rule 12(b)(6)." *Boone v. Citigroup, Inc.*, 416 F.3d 382, 388 (5th Cir. 2005). Despite this lenient standard, a plaintiff is stuck with the allegations in the state court petition at the time of removal. *See Cavallini v. State Farm Mut. Auto Ins. Co.*, 44 F.3d 256, 259–60, 265 (5th Cir. 1995) (citation omitted) (holding that a plaintiff cannot defeat removal by filing an amended complaint in federal court).

### B. Plaintiffs' Claims Against BVL

Although most of Plaintiffs' petition is focused on EMC's alleged misdeeds, Plaintiffs do assert three claims against BVL. First, they claim

6

that BVL violated the Texas Debt Collection Act's ban on "threatening to take an action prohibited by law," Tex. Fin. Code Ann. § 392.301(a)(8), when it threatened to foreclose before EMC had satisfied the requirements of the federal Making Home Affordable ("MHA") Program's guidelines, known as the "Handbook."   *See* Docket Entry No. 1-4, at ¶ 31–32.  Next, they claim that BVL violated a separate Texas Debt Collection Act prohibition on attempting to collect a debt by "misrepresenting the character, extent, or amount of a consumer debt . . . ."  Tex. Fin. Code Ann. § 392.304(a)(8).  Finally, they sue to quiet title in the property against BVL.

Other courts have recently rejected the legal plausibility of Plaintiffs' first claim alleging that an attempt to foreclose when the lender has failed to satisfy MHA "Handbook" requirements amounts to taking an action "prohibited by law."  *See, e.g.*, *Nolasco v. CitiMortgage, Inc.*, H-12-1875, 2012 WL 3648414, at *6 (S.D. Tex. Aug. 23, 2012) (dismissing for failure to state a claim under Rule 12(b)(6)); *Brooks*, 2012 WL 3069937, at *4 (finding no possibility of recovery on such claim in the context of an improper joinder analysis).  One of those courts noted that another subsection of the Texas Debt Collection Act provision that is the basis for Plaintiffs' claim states that the statute does not make unlawful a threat to foreclose, that is, "exercising or threatening to exercise a statutory or

contractual right of seizure, repossession, or sale that does not require court proceedings." *Nolasco*, 2012 WL 3648414, at *6 (citing Tex. Fin. Code Ann. § 392.301(b)(3)).  In addition to this statutory exemption, the *Brooks* court explained that violations of the Handbook's guidelines are not "action[s] prohibited by law" because the Handbook is just that, guidance, and does not give rise to legally enforceable requirements or rights.  *See Brooks*, 2012 WL 3069937, at *4.  The Court agrees with these decisions and thus concludes there is no reasonable basis for the Court to predict that Plaintiffs can prevail on their first claim.

Plaintiffs' second claim—that BVL misrepresented "the character, extent, or amount of a consumer debt"  when, "despite repeated demands by the Plaintiffs, [it] would [not] account for the actual amounts due and the payments that were to be made by providing a payoff quote," *see* Docket Entry No. 1-4 ¶ 33 (citing Tex. Fin. Code Ann. § 392.304(a)(8))—is unusual.  The more common claim under this Texas Debt Collection Act provision in foreclosure cases is that the defendant provided the plaintiff with a payoff amount, but that the amount was inaccurate.  *See, e.g.*, *Brooks*, 2012 WL 3069937, at *4.

Plaintiffs' claim, based on a failure to provide a payoff amount, is at odds with the general principle that for "a statement to constitute a

8

misrepresentation under the TDCA, Defendants must have made a false or misleading assertion." *Narvaez v. Wilshire Credit Corp.*, 757 F. Supp. 2d 621, 632 (N.D. Tex. 2010) (citation omitted).  No such assertion is alleged in Plaintiffs' petition.  Narrowing the focus to the particular statutory section relied on for this claim reinforces the assertion requirement: "misrepresenting the character, extent or amount of a consumer debt" presupposes that a representation was made concerning the debt.  Tex. Fin. Code Ann. § 392.304(a)(8)).  Indeed, Plaintiffs have not identified any case law, nor could the Court find any, even hinting that a failure to provide a debtor with a payoff quote can amount to a misrepresentation for purposes of section 392.304(a)(8).  *Cf. Brooks*, 2012 WL 3069937, at *4 (noting with respect to a different claim that the plaintiff's inability to cite "any authority" for the claim it asserted led to the conclusion that there was no reasonable chance of recovery for improper joinder purposes).  And while a number of fraud-based causes of action allow claims to be brought based on both misrepresentations and omissions, those claims have materiality and reliance elements that are absent from the Texas Debt Collection Act.  *See, e.g.*, *Williams v. WMX Techs., Inc.*, 112 F.3d 175, 177 (5th Cir.1997) (listing the elements of Texas common law fraud) (citation omitted).  Finally, even in the more common situation when a plaintiff alleges that a defendant

provided an inaccurate payoff amount, a court recently found that the plaintiff had no reasonable chance of recovery because he did not allege that the payoff quote was false, only that it would be false if the foreclosure never occurred because the quote included foreclosure fees.  *See Brooks*, 2012 WL 3069937, at *4.  There is thus no reasonable basis for this Court to predict that Plaintiffs can prevail on their second claim against BVL.[3]

Plaintiffs' third and last claim against BVL is to quiet title in the property.  They allege that BVL (and EMC) "sought to enforce the foreclosure sale . . . without full consideration of whether the Benavides' exhausted each of the available foreclosure prevention and alternative options" and that as a result "the Benavides' have been damaged in that they have unjustly lost the title to their homestead, they have been penalized with incorrect and derogatory credit reporting, and they have lost the opportunity to earn the incentive money offered to borrowers under the HAMP and HAFA programs."  Docket Entry No. 1-4, at ¶¶ 41–42.

To state a claim in a suit to quiet title, Plaintiffs must show "(1) an interest in a specific property, (2) title to the property is affected by a claim

---

[3] Plaintiffs' second claim is distinguishable from a similar claim brought in *Boyle*, 2012 WL 289881, at *5.  In *Boyle*, the plaintiffs alleged that a failure to provide a payoff quote constituted a violation of the TDCA's subsection 392.304(a)(19).  *Id.*  That subsection, which prohibits "using any other false representation or deceptive means to collect a debt" is potentially broader than subsection 392.304(a)(8), at issue in this case, which requires a "false or misleading assertion."  *Narvaez*, 757 F. Supp. 2d at 632.

by the defendant, and (3) the claim, although facially valid, is invalid or unenforceable." *Strange v. Flagstar Bank, FSB*, No. 3:11-cv-2642-B, 2012 WL 987584, at *4 (N.D. Tex. Mar. 22, 2012).  Moreover, Plaintiffs must prove their case on the strength of their own title, not the weakness of BVL's title. *Woods v. Bank of Am., N.A.*, No. 3:11-CV-1116-B, 2012 WL 1344343, at *9 (S.D. Tex. Apr. 17, 2012) (citation omitted); *see Bell v. Bank of Am. Home Loan Servicing LP*, No. 4:11-cv-2085, 2012 WL 568755, at *7 (S.D. Tex. Feb. 21, 2012) (citation omitted).

Plaintiffs' claim against BVL is legally insufficient for at least two fundamental reasons.  First, BVL has no claim to the property in its own right, as it was merely acting as EMC's foreclosure counsel.  Second, Plaintiffs' claim hinges on their allegation that BVL's title is flawed; they do not plead that their own title is superior.  *See Bell*, 2012 WL 568755, at *7 (dismissing suit to quiet title because the plaintiff did not "assert a superior title, and alleges no facts to support a superior claim").  Because of these defects, there is no reasonable basis for this Court to conclude that Plaintiffs can prevail on this last claim against BVL.

Defendants therefore have met their heavy burden to show that BVL was improperly joined.  With BVL out of the picture, complete diversity exists between the in-state Plaintiffs and out-of-state EMC and USBNA.

### III.    MOTION TO DISMISS

Because Plaintiffs do not have any possible claim under the "Rule 12(b)(6)-type analysis" that governs the improper joinder standard, *Smallwood*, 385 F.3d at 573, their claims also fail the actual 12(b)(6) standard.    *See Brooks*, 2012 WL 3069937, at *4, *6 n.41 (summarily dismissing the plaintiff's claims against an in-state law firm defendant after holding that the law firm was improperly joined).    BVL's motion to dismiss will be granted accordingly.

## IV.   CONCLUSION

For the reasons discussed above, this Court has subject matter jurisdiction over this case because BVL was improperly joined.  BVL's Motion to Dismiss, Motion for Judgment or in the Alternative, Motion for a More Definite Statement (Docket Entry No. 10) is **GRANTED** with respect to the motion to dismiss pursuant to Rule 12(b)(6) and **DENIED AS MOOT** with respect to the motion to dismiss pursuant to Rule 12(c) and the motion for a more definite statement.  Accordingly, BVL's motion for a hearing on its motion to dismiss (Docket Entry No. 15) is **DENIED AS MOOT** and Plaintiffs' claims against BVL are **DISMISSED WITH PREJUDICE**.

**IT IS SO ORDERED**.

**SIGNED** this 4th day of January, 2013.

_Gregg Costa_
Gregg Costa
United States District Judge